IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BARRY C. SCHULTZ,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )   Case No. 06-CV-622-GKF-PJC
                                     )
UNUMPROVIDENT CORPORATION,           )
et al.                               )
                                     )
        Defendants.                  )

<u>OPINION AND ORDER</u>

This matter came on for hearing on August 31, 2009, on Plaintiff's Motion to Take

Limited Discovery on Contents and Terms of Policy [Dkt. No. 58], Plaintiff's Motion for

Discovery into the Administrative Record [Dkt. No. 65], and Defendants' Motion to

Settle the Administrative Record [Dkt. No. 57].  The Court has reviewed the briefs and

many exhibits filed by the parties and heard extensive argument and discussion on

discovery issues at the hearing.

*Background*

Plaintiff Barry C. Schultz ("Schultz") was formerly an officer and shareholder of

BCS Industries, Inc. ("BCS").  BCS purchased a group long term disability insurance

policy from UNUM Life in 1996.  The plan/policy expressly provides that it is subject to

the Employee Retirement Income Security Act of 1974 ("ERISA").

 Schultz was injured during a boating accident on July 4, 2003, and has since been

determined by the Social Security Administration and UNUM to be totally disabled.

1

On Oct. 5, 2006, Plaintiff initiated this lawsuit in the District Court for Tulsa County, Oklahoma.  Plaintiff contends that since October 2003 UNUM has breached the terms of the disability insurance policy by, among other things, claiming setoffs to benefit amounts due under the policy.  Defendants removed the case to this Court in November 2006 on federal question jurisdiction.  Since that time, the parties' energy has been expended on fights over remand [Dkt. No. 16], what insurance policy is at issue [Dkt. No. 37] and whether discovery should be permitted.

The Court resolved the first two issues in its *Opinion and Order* of February 20, 2009 [Dkt. No. 49].  The Court found that ERISA governs this lawsuit; hence, this Court has jurisdiction and remand was inappropriate.  The Court further held that UNUM insurance policy No. 510750 001 is the policy that UNUM issued to BCS in 1996 – and, therefore, is the policy at issue herein.

### Applicable Principles Regarding Discovery in ERISA Cases

Both sides agree that the following language is expressly contained in the UNUM disability policy at issue[1]:

> The policy is delivered and is governed by the laws of the governing jurisdiction and to the extent applicable by the Employee Retirement Income Security Act of 1994 (ERISA) and any amendment.  *When making a benefit determination under the policy, UNUM has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy.*

---

[1]  Plaintiff contends a policy other than Policy No. 510750 001 governs in this case, but both the policy that Plaintiff cites and the 510750 001 policy contain identical language  as quoted above.

2

*See* Defendants' Response to Plaintiff's Motion to Strike, [Dkt. No. 44, Ex. 1, *Certificate Section*], and Plaintiff's Motion to Take Limited Discovery on Contents and Terms of Policy, [Dkt. No. 58, Ex. 3, *Certificate Section* (emphasis added)].

Under *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989), benefits decisions challenged under ERISA are reviewed under a *de novo* standard "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115; *Metropolitan Life Insurance Co. v. Glenn*, -- U.S. --, 128 S.Ct. 2343, 2348 (2008) (citing *Firestone*). In the latter case, the court applies the arbitrary and capricious standard of review. *Sandoval v. Aetna Life and Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992); *Chambers v. Family Health Corp.*, 100 F.3d 818, 825 (10th Cir. 1996); *Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625, 630 (10th Cir. 2003).

Generally, review of an ERISA benefits decision is limited to the administrative record – the materials compiled by the administrator in the course of his or her decision-making. *Fought v. UNUM*, 379 F.3d 997, 1003 (10th Cir. 2004); *Chambers*, 100 F.3d at 823; *Adamson v. UNUM Life Ins. Co.*, 455 F.3d 1209, 1214 (10th Cir. 2006); *Tinkler v. Level 3 Comm. LLC*, 2008 WL 199901, *7 (N.D.Okla. Jan. 22, 2008); *DeGrado v. Jefferson Pilot Financial Ins. Co.*, 451 F.3d 1161, 1169 (10th Cir.2006) ("'Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of [ERISA's] goal' of 'provid[ing] a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously.'").

3

Frequently, as here, a third party insurance company serves as both the Plan administrator and the source or payor of Plan benefits.  When that occurs, courts have recognized that there exists an inherent conflict of interest because the insurance company "profits with each benefits claim it rejects."  *Glenn*, 128 S.Ct. at 2357 (Scalia, J., dissenting).  Where the plan or policy "gives discretion to an administrator or fiduciary who is operating under such a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" *Id.* at 2350.

Where such a conflict of interest exists, some courts have permitted limited discovery to determine the extent of the conflict.  *E.g.*, *Miller v. Cingular Wireless LLC*, 2007 WL 14675, *4 (N.D.Okla. Jan. 3, 2007); *Beard v. Wachovia Corp.*, 2009 WL 2140225, *4 (D.Colo. July 16, 2009).  However, where the conflict is open and inherent, courts have found that further discovery on this issue is unnecessary.  *E.g.*, *Spangler v. UNUM Life Ins. Co. of America*, 38 F.Supp.2d 952, 955-56 (N.D.Okla. Mar. 5, 1999).  Instead, these courts reduce the degree of deference afforded the administrator's decision according to a "sliding scale" based on the seriousness of the conflict.  *Fought,* 379 F.3d at 1004.  The U.S. Supreme Court has said that it is not "necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict."  *Glenn*, 128 S.Ct. at 2351.  Rather, the conflict of interest is just "one factor among many" that a reviewing court must take into account in reviewing the administrative record.  *Id.*

*Discussion*

Due to the language that both sides agree is in the UNUM insurance policy – whether the policy cited by UNUM or the policy referenced by Plaintiff – the appropriate standard of review to be applied by the Court is the arbitrary and capricious standard.

Plaintiff seeks discovery to determine the contents and terms of the insurance policy at issue. At the heart of this motion is Plaintiff's contention that the insurance policy that UNUM contends is the policy governing Schultz's disability claim is not the correct policy. This issue was resolved by Judge Frizzell in his February 20, 2009 *Opinion and Order*. There, the Court rejected Plaintiff's contention that Defendants were perpetrating a fraud on the Court by submitting a policy different from the one they had submitted to the Oklahoma Insurance Commissioner pursuant to the Oklahoma Health Insurance Policy Language Simplification Act, 36 O.S. § 3641, *et seq.*

Judge Frizzell found:

> *The affidavits and documents submitted by both parties clearly establish that UNUM Life issued Policy No. 510750 001 to plaintiff's former employer, BCS Industries on October 1, 1996* and provided the master policy, employee benefit handbooks and a summary of benefits handouts to the company, and a copy of the master policy to David Knox, the insurance broker BCS used to obtain the policy  Plaintiff's broker now claims – more than 12 years after the fact – the policy UNUM issued does not have all of the features and terms contained in UNUM's original proposal.  *Nevertheless, it is uncontested the policy provided to plaintiff and the court is the policy issued to BCS by UNUM.*

[Dkt. No. 49 at 5 (emphasis added) (citations omitted)].

Judge Frizzell clearly determined that Policy No. 510750 001 is the policy that UNUM issued to BCS in 1996 and, therefore, is the policy at issue in this lawsuit.  Thus, no further discovery is needed to determine the contents and terms of the policy; they are set forth in the policy itself.  Accordingly, Plaintiff's request for discovery concerning the contents of the applicable policy [Dkt. No. 58] is **DENIED**.

Plaintiff also requests extensive discovery concerning the administrative record. The requested discovery includes depositions, documents, metadata, etc.  The requests are extremely broad and seek information well outside the administrative record. Furthermore, Plaintiff's description of the discovery sought is very general.  Discovery sought includes:

- A complete copy of the master log/index from each and every department and database, with metadata for said log/index.

- Discovery into the effect of the conflict of interest on the conte4nts and creation of the administration (sic) claim file; of the decision-making; and of the effect of hiring and retaining persons trained as attorneys to act as benefits and appeal specialists to create the administrative claim file, including those persons and their supervisors training, education, experience, income, and financial incentives and "job aid" to find offsets to reduce or terminate benefits.

- A 30(b)(6) deposition of UNUM relating to its creation of, and maintenance of the administrative claim file; the manner in which UNUM employees are hired, trained, their performance reviewed (sic) and their income as it relates to placing policies and records within the claim file and as to the decision-making process; where records are placed in the claim file, and how they are viewed and retrieved; UNUM's internal procedures to ensure compliance with its own procedural requirements, and also of the Department of Labor regulations; how requests for copies of the administrative claim file are processes and what is produced; and the procedures and requirements for ensuring the production is complete.

Dkt. No. 65 at 11-12.

In support of these broad discovery requests Plaintiff relies on *Dubrovin v. Ball Corp. Consolidated Welfare Benefit Plan for Employees*, 626 F.Supp.2d 1099 (D.Colo. 2008). However, *Dubrovin* does not support the broad discovery Plaintiff seeks.  In *Dubrovin* the court found that the defendant did not file a complete copy of the administrative record.  The court found several specific instances in which documents that should have been in the administrative record were missing.  These included documents which "were either unequivocally considered by the Plan and contained in the record at one point, or which were mailed to the Plan and should have been in the Claim Record…." *Id.* at 1103.  The court allowed "limited discovery related to the conflict of interest in this case, including the procedures and criteria used by Ball to create the administrative record filed in this case." *Id.* at 1105.

Here, Plaintiff has not demonstrated that there are documents that UNUM "unequivocally considered" and which in the administrative record "at one point", but which are not in the record UNUM seeks to file with the Court.  At the Aug. 31 hearing, Plaintiff pointed to a medical report dated July 17, 2006, that counsel said she had faxed to UNUM but which was not in the record.  [Dkt. No. 59, Ex. 14].  UNUM's counsel stated that UNUM does not have the document, but Plaintiff could not establish that the document had been sent to UNUM because the fax confirmation sheet was missing.  Even under *Dubrovin* this would be insufficient to open discovery.

Furthermore, *Dubrovin* is a case from the District of Colorado, a district which is generally far more willing to allow such discovery that this Court.  *See Beard*, 2009 WL 2140225, *4 (Noting that the courts in the District of Colorado have allowed in a number of cases).  Finally, in the eight months since *Dubrovin* was published, no court has cited it for the broad authority Plaintiff claims it offers.   The discovery Plaintiff seeks here is simply not permissible in ERISA cases.  As the Court stated in *Miller v. Cingular Wireless LLC*,  2007 WL 14675, *4 (N.D.Okla.,Jan. 3, 2007):

> Although the Court understands that plaintiff believes additional discovery would be helpful, ERISA cases are not reviewed in the same manner as other civil cases. The Court must limit its review to the information before the plan administrator at the time it reached its decision and, therefore, discovery is not necessary.

*Id.* (citing *Allison v. Unum Life Ins. Co. of America,* 381 F.3d 1015, 1021 (10th Cir.2004).

Accordingly, Plaintiff's Motion for Discovery into the Administrative Record [Dkt. No. 65] is also **DENIED**.

Defendant has moved to settle the administrative record [Dkt. No. 57].  This motion is **GRANTED** in accordance with the procedure set forth at the Aug. 31 hearing:

- By Sept. 1, UNUM will produce its index to the proposed administrative record with Bates-numbering;

- By Sept. 14, the parties will submit an agreed administrative record, subject to the Court's ruling on any additions to the record Plaintiff advocates;

- By Oct. 13, Plaintiff will submit his proposed additions to the administrative record;

- By Oct. 23, Defendant will respond to Plaintiff's proposed additions.

The Court will then rule on Plaintiff's proposed additions.

IT IS SO ORDERED this 2nd day of September 2009.

Paul J. Cleary
United States Magistrate Judge