IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARRY C. SCHULTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 06-CV-622-GKF-PJC |
| UNUMPROVIDENT CORPORATION, a ) | |
| Foreign Corporation; UNUM LIFE INSURANCE ) | |
| COMPANY OF AMERICA, a Foreign ) | |
| Corporation; and UNUM CORPORATION, ) | |
| a Foreign Corporation, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the court on plaintiff's Motion for Leave to Amend Complaint. [Doc. No. 98]. Plaintiff filed this lawsuit in Tulsa County District Court on October 5, 2006, alleging defendants had wrongfully failed to pay benefits due him under a long term disability insurance policy. [Doc. No. 2-2]. Defendants removed the case on November 9, 2006, asserting the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, preempted state law [Doc. No. 2]. The court subsequently denied a motion to remand the case. [Doc. No. 49]. Scheduling orders have been extended several times while the parties wrangled over submission of the Administrative Record. [Doc. Nos. 50, 52, 54, 56, 94, 97].

Plaintiff now seeks leave to amend his complaint to specifically plead ERISA damages and to add claims for "violation of ERISA claims process obligations" under ERISA Sections 502-503, 29U.S.C. §1024 *et seq.*, and violation of fiduciary duty under ERISA Section 404(a), 29 U.S.C. §1104(a). Defendant opposes the motion.

## I. Petition and Proposed Amended Complaint

Plaintiff's Petition, filed October 5, 2006, asserted generally:

> [B]eginning in October 2003, Defendants have breached the Policy by wholly failing and refusing, without justifiable or reasonable cause or basis, to abide by the contractual provisions within the Policy of insurance, and to timely pay Plaintiff all benefits due him under the Policy.

[Doc. No. 2-2, ¶10]. The Petition also claimed the following specific breaches by defendants:

> a. Failing and refusing to approve and pay benefits timely per the Policy;
>
> b. Failing and refusing to accurately calculate Plaintiff's monthly benefits due from Defendants, resulting in a denial of approximately $271.03 per month, for a current wrongful denial of $9,486.05 (and increasing each month);
>
> c. Wrongfully and tortiously refusing to increase benefits to the correct amount by erroneously alleging federal and state accepted tax returns and attachments were unreliable....
>
> d. Failing and refusing to conduct fair and unbiased investigations, in part by Intentionally misclassifying Plaintiff's injuries and ignoring other injury(ies);
>
> e. Wrongfully and tortiously conducting an outcome based investigation....
>
> f. Failing and refusing to timely conduct Defendants' "own" to "any" occupation evaluation per the Policy...
>
> g. Wrongfully and tortiously garnishing Plaintiff's monthly benefits for Social Security monthly and lump sum payments owed to him and his children.
>
> h. Wrongfully and tortiously garnishing Plaintiff's net disability benefits to recover Defendants' alleged overpayment.

[*Id.*] Plaintiff sought injunctive and declaratory relief regarding the proper calculation of his benefits and an award of back benefits. [*Id.,* p. 5].

In his proposed Amended Complaint, plaintiff asserts three claims for relief. In the first claim, he once again alleges that defendants wrongfully calculated his monthly benefits [Doc.

No. 98-2, ¶¶16-23] and wrongfully took offsets for his Social Security benefits paid to him and his children [*Id.,* ¶¶31-35]. The first claim also contains new allegations that defendants wrongfully took offsets for a third party settlement plaintiff obtained from a lawsuit filed as a result of the boating accident which disabled him. [*Id.,* ¶¶24-30].

In his second claim for relief, plaintiff alleges defendants failed to comply with ERISA statutes and regulations requiring timely production of administrative records and "a reasonable opportunity for a full and fair review of the denial of the claim." [*Id.,* ¶¶37-38]. He seeks imposition of fines and penalties, prejudgment interest, attorneys fees, declaratory/injunctive relief and back benefits. [*Id.,* ¶¶39-42].

In his third claim for relief, he alleges defendants breached a fiduciary duty to him; therefore defendants' decisions regarding benefits are entitled to no judicial deference. [*Id.,* ¶¶44-46].

## II. Analysis

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend should be freely given "when justice so requires." However, leave to amend will be denied where there has been shown: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; or (5) futility of the amendment. *Foman v. Davis,* 371 U.S. 1788, 182 (1962); *U.S. ex rel Ritchie v. Lockheed Martin Corp.,* 558 F.3d 1161, 1166 (10th Cir. 2009).

### A. First Claim for Relief in Proposed Amended Complaint

The proposed Amended Complaint is, on its face, untimely. This lawsuit has been pending almost four years. All of the claims asserted in the First Claim for Relief in the

proposed Amended Complaint except the claim for wrongful offset for the third party settlement were known to plaintiff at the time the original petition was filed. Plaintiff has been aware of the third party settlement dispute at least since July 16, 2007. [*See* Plaintiff's Motion to Strike Pleadings Based on Fraudulent Evidence, Doc. No. 37, pp. 3-4]. Plaintiff has failed to show excusable neglect for his delay in seeking leave to amend. Therefore, denial of plaintiff's motion is appropriate. *See Fed. Ins. Co. v. Gates Learjet Corp.,* 383, 387 (10th Cir. 1987) ("[C]ourts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.")

Moreover, under Fed.R.Civ.P. 8(a)(2), plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The general allegation of the Petition that "Defendants have breached the Policy by wholly failing and refusing, without justifiable or reasonable cause or basis, to abide by the contractual provisions within the Policy of insurance, and to timely pay Plaintiff all benefits due him under the Policy" suffices to put defendants on notice of his substantive claims, including the third party settlement claim. Indeed, defendants acknowledge, "as the original Petition was broadly drafted, Plaintiff can address...the third party settlement issue in his ERISA briefing without the need to amend." [Doc. No. 5].

### B. Second Claim for Relief in Proposed Amended Complaint

The Second Claim for Relief in the proposed Amended Complaint is not only untimely, but futile. The proposed Amended Complaint asserts that pursuant to 29 U.S.C. §§1024(b)(4), 1132(c), defendants' alleged failure to produce "the entire claim file carries fines and penalties of up to $110/day." [Doc. No. 98-2, ¶39]. This is not true. Section 1132(c) allows a beneficiary

to recover up to $100 per day for failure to furnish information statutorily required under ERISA. Section1024(b)(4) requires plan administrators, upon written request of a beneficiary, to furnish a copy of the latest updated summary, plan description and annual report, any terminal report, the bargaining agreement, trust agreement, contract or other instruments under which the plan is established or operating.  However, §1024(b)(4) does *not* reference or include claim files.

The proposed Amended Complaint also alleges defendants violated 29 C.F.R. §2560.503-1(g)((1) (v)[1], (h)(2) and (m)(8).  Section 2560.503-1(g)(v) requires that a claim denial include the rule, guideline or protocol underlying the denial.  Sections 2560.503-1(h)(2) and (m)(8), taken collectively, require production of the claim file upon request of the claimant, in order to provide a "full and fair review."  The regulations do not, however, allow recovery of damages, fines or penalties for untimely claim file production.

The Supreme Court has held that 29 U.S.C. §1132(a) is "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52 (1987).  A beneficiary's recourse, in such as case, was outlined as follows:

> Under the civil enforcement provisions of [29 U.S.C. §1132(a)], a plan participant or beneficiary may sue to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits. Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits.

*Id.* at 53.  Where the court finds an administrator has failed to provide a full and fair review, the

---

[1] Plaintiff actually alleges violation of §2560.503-1(g)(5), but no such regulation exists. Rather, the allegations of the proposed Amended Complaint appear to relate to §2560.503-1(g)((1) (v), which requires the claim denial to set forth the internal rule, guideline, protocol or other similar criterion relied upon in making the adverse determination.

5

court may remand the matter to the administrator for additional review. *Caldwell v. Life Ins. Co. of North Amer.,* 287 F.3d 1276, 1288-89 (10th Cir. 2002).

Plaintiff is not entitled to recover damages for failure to timely provide claim file documents. Therefore, his Motion to Amend must be denied with respect to the Second Claim for Relief.

### C. Third Claim for Relief in Proposed Amended Complaint

Citing 29 U.S.C. §1104(a), plaintiff, in his Third Claim for Relief, alleges defendants breached their fiduciary duty to him by failing to provide a reasonable claims procedure, refusing to produce a complete copy of the claim file and violating conflict of interest principles. As a result, plaintiff contends defendants are not entitled to the judicial deference ordinarily afforded decisions of a an administrator who is given discretion under the policy to make benefit determinations.

This proposed claim is both untimely and futile. The court has already determined that since the policy expressly grants UNUM discretionary authority to determine a beneficiary's eligibility for benefits and interpret the terms and provisions of the policy, an arbitrary and capricious standard is applicable. [Doc. No. 70, pp. 2-3]. Since UNUM serves as both the plan administrator and the payor of plan benefits, an inherent conflict of interest exists. That conflict will be considered as a factor in determining whether the insurer abused its discretion in making benefit determinations. [*Id.*, p. 4]. *See also, Metropolitan Life Insurance Co. v. Glenn,* 544 U.S. 105, 128 S.Ct. 2343 (2008); *Hancock v. Metropolitan Life Insurance Company,* 590 F.3d 1141, 1155 (10th Cir. 2009).

Therefore, plaintiff's proposed Third Claim for Relief is inappropriate.

### III. Conclusion

For the reasons set forth above, plaintiff's Motion for Leave to Amend Complaint is denied.

ENTERED this 26th day of August, 2010.

*[signature]*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma